UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                  No. 19-CR-03336 MV

FRANCISCO DIAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial ("Sentencing MIL"). Doc. 76. Mr. Diaz filed a response in opposition [Doc. 86], and the government filed a reply [Doc. 87]. Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court will **GRANT** the Sentencing MIL.

### BACKGROUND

Mr. Diaz was charged by indictment with Possession with Intent to Distribute 500 Grams and More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i). Doc. 11. The case is set for trial on August 16, 2022. Doc. 55.

If convicted, as to Count 1, Mr. Diaz faces a term of imprisonment of between 5 and 40 years, as well as a fine of up to $5 million. As to Count 2, Mr. Diaz faces a term of a least 5 years to be served consecutively to any term of imprisonment in Count 1, as well as a fine of up to $250,000. Both counts also entail terms of supervised release, mandatory special penalty assessments, and any restitution the Court may order.

**DISCUSSION**

In the government's Sentencing MIL, the government asks the Court to enter an order prohibiting defense counsel from mentioning to the jury the potential penalties that the defendant faces. Doc. 76 at 1. Additionally, the government asks the Court to bar Mr. Diaz from any mention of the sentencing guidelines or any comments about "'taking away defendant's freedom,' 'sending him to jail,' 'taking him away from his family,' or any similar statement alluding to possible consequences." *Id.* at 4. The government argues that in non-capital cases, "the authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal." *Id.* at 2 (quoting *United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980)). Thus, the government argues that "[t]he law on this issue is well-settled and squarely forecloses any possible discussion of the potential penalties in this trial." *Id.* at 3 (collecting cases).

Mr. Diaz filed a response in opposition to the government's MIL. Doc. 86. Although he acknowledges that Tenth Circuit and Supreme Court precedent "foreclos[e] the introduction of evidence of possible penalties," he argues that the Supreme Court's recent jurisprudence emphasizing an originalist approach to the Sixth Amendment and the jury's role at the time of founding calls its previous rulings into doubt. *Id.* at 1–2. Namely, he argues that the Supreme Court's recent jurisprudence compels this Court to empower jurors to serve as a meaningful check on the judiciary by ensuring that jurors understand the sentencing ramifications of their decisions and are aware of their power to practice nullification. *Id.* at 3–7. He argues that jurors at the time of founding served as a "safety-valve," and "[t]o deprive the jury of this function is to rob our criminal justice system of the mitigating, humanizing, and democratic role the founders intended the jury to play in the constitutional structure of the republic." *Id.* at 6, 8–9. Thus, he asks the

Court to "restore the ability for federal juries to consider penalties and sentencing during trial." *Id.* at 9.

The government replies, arguing that "[t]here is no ambiguity in Tenth Circuit or Supreme Court law on this point." Doc. 87 at 1 (collecting cases). The government argues further that "[b]ecause [Mr. Diaz'] Response concedes that the Supreme Court and the Tenth Circuit have ruled against [him], the Court should disregard [his] arguments and grant the United States' motion." *Id.* Finally, the government asserts that "[e]ven judges who disagree with current law recognize that they are obliged to follow it." *Id.* at 2 (citing *United States v. Woody*, 336 F.R.D. 293, 339 (D.N.M. 2020) (Browning, J.)).

Tenth Circuit precedent is extraordinarily clear that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995); *see also United States v. Jones*, 933 F.2d 807, 811 (10th Cir. 1991); *Greer*, 620 F.2d at 1384–85; *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971). Furthermore, the Tenth Circuit has noted that "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).

This is not to say that courts approach the issue uniformly. This Court joins Judge Browning in concluding that it "is not consistent with the concept of a jury trial at the Founders' time," "[t]o keep the jury ignorant of sentencing ramifications." *Woody*, 336 F.R.D. at 339. The Court also joins Judge Browning in concluding that the defendant's right to a jury trial can only be fully protected by advising the jury about the sentencing ramifications of its verdict. *See id.*

Nevertheless, given controlling Tenth Circuit precedent, the Court is not at liberty to restore the ability of federal juries to consider penalties and sentencing during trial. Accordingly, the

Court will grant the government's Sentencing MIL.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the government's Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial [Doc. 76] is **GRANTED**.

ENTERED this 2nd day of August 2022.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE